IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OSVELI BERDUO-DELEON, et al., )<br> )<br>Plaintiffs, )<br>v. )<br> )<br>FRESH CUT LAWN AND LANDSCAPE )<br>SERVICE, INC., et al., )<br> )<br>Defendants. ) | C.A. No. 04-1364-SLR<br>[Class Action] |

**JOINT MOTION TO APPROVE STIPULATION OF SETTLEMENT**

COME NOW the parties, by and through the undersigned counsel, and move this Court for an Order approving the Stipulation of Settlement filed contemporaneously with this motion.

BACKGROUND

Plaintiffs are present or former employees (the "Employees") of defendant Fresh Cut Lawn & Landscaping Services, Inc. (the "Employer"), a Sussex County landscaping firm. In October 2004, the Employees filed suit under the Fair Labor Standards Act ("FLSA") asserting that the Employer and its owner, Christopher Glenn (together, with the Employer, the "Defendants"), failed to fully pay them for overtime hours between October 2002 and the present.

On January 4, 2005, this Court entered an order permitting this action to proceed as a collective "class" action under the FLSA and authorizing counsel for the Employees to mail notices (in Spanish and English) of this pending suit to about 370 present and former employees of the Employer. Of this number, a total of 34 persons agreed to "opt in" or join the action.

Following the notice to the employees, the parties engaged in written discovery and Defendants provided counsel to the Employees with thousands of pages of timekeeping and payroll records. After examining the payroll records, counsel for the parties began settlement discussions aimed at amicably resolving the FLSA claims. After several rounds of negotiations, the parties reached an agreement and proposed settlement of the purported liability of the Employer. This agreement and proposed settlement was presented to the 34 opt-in plaintiffs. Of these employees, 29 have agreed to the proposed settlement. The remaining five employees either declined to participate in the settlement or could not be located.

## ARGUMENT

I.  The Settlement should be Approved as it is Fair and Reasonable.

Before the Court may approve a settlement of FLSA claims, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Lynn's Food Stores, Inc. v. United States. U.S. Dep't of Labor*, 679 F.2d 1350, 1354-55 (11th Cir. 1982); *see also Williams v. Vukovich*, 720 F.2d 909 (6th Cir. 1983). Where a settlement of an employee FLSA suit reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, a court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food*, 679 F.2d at 1354. If a plaintiff is offered full compensation on his FLSA claim, no compromise is involved and judicial approval is not required. *Mackenzie v. Kindred Hosps.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

In determining whether an FLSA settlement is a fair and reasonable resolution, courts have examined the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the

proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *Dail v. George A. Arab, Inc.*, 2005 U.S. Dist. LEXIS 21206, *3 (M.D. Fla. Aug. 10, 2005) (citing *Leverso v. SouthTrust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)). When considering these factors, the Court should keep in mind the "strong presumption" in favor of finding a settlement fair, *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977), and that a "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir. 1995) (citing *Cotton*, 559 F.2d at 1330).

In the instant case, all of the factors support approval of the settlement as a fair and reasonable resolution of this action. First, there is no evidence that fraud or collusion occurred between counsel, and all negotiations were conducted at arms length. Second, the complexity of the issues in dispute, including whether the employees actually worked the purported hours of overtime,[1] would have resulted in lengthy discovery and required numerous depositions, thereby increasing the expense incurred in litigating this matter through trial. Third, the Employees' claims and factual contentions remain hotly contested by the Defendants and thus there is by no means any certainty that they would prevail at trial.

As for the range of possible recovery, counsel for the Plaintiffs/employees spent significant time reviewing each worker's time sheet to calculate the amount of overtime pay to which each was entitled. These records comprised several bankers' boxes of voluminous and detailed documents. The parties ultimately agreed to a payment number that gave each plaintiff almost all of the hours that each could claim under his daily worksheets. The Defendants will

---

[1] The primary issue of dispute between the parties was whether certain time spent traveling to and from the worksite was compensable and thus should have been included as hours worked for purposes of overtime calculation.

pay a total of $39,932.34 to the 29 employees who have agreed to the settlement – more than 90% of their potential recovery, including liquidated damages.[2] Accordingly, this factor weighs heavily in support of approval of the settlement.

Finally, counsel for all parties agree that the settlement is fair and reasonable. The settlement will avoid the unnecessary expenditure of resources for both the parties and the Court.

## II. Plaintiffs' Attorneys Fees are Reasonable.

In actions brought under FLSA, the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. §216(b). Thus, in contrast to other fee-shifting statutes, an award of fees is mandatory under FLSA.

The Employees were represented by Christopher Brown, of Brown, Goldstein & Levy in Baltimore and, as local counsel, David Boswell, of Schmittinger & Rodriguez in Rehoboth Beach. In separate negotiations the Employer agreed to a settlement giving the Employees' counsel $57,000 for fees, costs and litigation expenses collectable under FLSA. The actual fees, costs and expenses thus far incurred by the Employees' counsel now stands at about $70,000.[3] Thus, attorneys' fees under the settlement gave the attorneys about 80 cents on the dollar.

The economic efficiency of this case from a lawyer's standpoint was adversely affected by just 10 percent of the class opting to join. This precluded Employer liability for a greater

---

[2] There are five former employees who opted into this action but who are not part of the settlement. Of these individuals, four were entitled to only a nominal payment ($100). The remaining individual, Aureliano B. Gonzalez, cannot be found. It is suspected that he has returned to his home in Mexico or Central America. He would have received a $2,345.18 settlement amount. Under the terms of the Stipulation of Settlement, the claims for these individuals will be dismissed without prejudice.

[3] In order to compensate an attorney for delay in payment, the Supreme Court has authorized courts to apply that attorney's current billing rates to the fee calculation. Missouri v. Jenkins, 491 U.S. 274, 284 (1989). Applying the Employees' attorneys' current rates in this case would raise the fee entitlement substantially.

number of employees. The small class that participated made the attorneys' fees somewhat disproportionate to the damages recovered. This, however, is not an unusual or disqualifying occurrence. See, e.g., City of Riverside v. Rivera, 477 U.S. 561, 574 (1986)(court-awarded attorneys' fees need not be proportional to damages recovered under section 1988 of the Civil Rights Act).

Under the terms of representation, the Employees' counsel was entitled to receive "reasonable compensation for their services and reimbursement of any expenses and costs incurred . . . ." The legal services agreement also provided that counsel would receive "the greater of (i) reimbursement of their professional compensation, plus incurred expenses and costs or (ii) . . . 33% of the total recovery, minus any statutory attorneys' fees awarded or paid to my attorneys." See Exhibit A, attached.

III. The Class Received Sufficient Notice of this Action and the Settlement.

The class members were informed of the status of the case when they opted in. In the summer of 2005 they were notified (in both English and Spanish) of the Employer's settlement offer. An announced meeting was held in Millsboro in September 2005 for anyone with questions regarding the settlement; a Spanish translator was provided. Ultimately, the 29 Employees accepted the settlement.

## CONCLUSION

The parties submit that the settlement arrived at was fair to all parties. The parties were represented by competent counsel. In light of the reasonableness of the settlement, the parties request the Court to approve it.

Respectfully submitted,

| SCHMITTINGER & RODRIGUEZ, P.A. | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| /s/ | /s/ |
| David A. Boswell, Esquire (No. 3172)<br>Wachovia Bank Building<br>4602 Highway One, Second Floor<br>Rehoboth Beach, DE 19971-9794<br>(302) 227-1400 | Scott A. Holt (No. 3399)<br>The Brandywine Building, 17th Floor<br>1000 West Street<br>Wilmington, Delaware 19801<br>(302) 571-6623<br><br>Attorneys for Defendants |

- and -

BROWN, GOLDSTEIN & LEVY, L.L.P.
C. Christopher Brown
120 E. Baltimore Street, Suite 1700
Baltimore, MD 21202
(410) 962-1030

Attorneys for Plaintiffs

Dated: October 24, 2005