IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OSVELI BERDUO-DELEON, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FRESH CUT LAWN AND LANDSCAPE ) <br> SERVICE, INC., et al., ) <br> ) <br> Defendants. ) | C.A. No. 04-1364-SLR <br> [Class Action] |

## STIPULATION OF SETTLEMENT

This Settlement Agreement (hereinafter the "Agreement") is made and entered into on October 21, 2005 by and among Defendants Fresh Cut Lawn and Landscape Service, Inc. ("Fresh Cut") and Christopher Glenn (collectively, the "Defendants") and Plaintiffs Osveli Berduo-DeLeon et al. (the "Plaintiffs").

WHEREAS, on or about October 15, 2004 Plaintiffs commenced the within action pursuant to 29 U.S.C. § 201, et seq., against the Defendants in the United States District Court for the District of Delaware alleging violations of the Fair Labor Standards Act (FLSA); and

WHEREAS, Plaintiffs claimed that they were not paid overtime compensation in accordance with the FLSA; and

WHEREAS, the Defendants answered the complaint denying all the material allegations contained therein; and

WHEREAS, the Defendants and Plaintiffs now desire to resolve fully these matters without the expense, time, risk and inconvenience of further litigation; and

WHEREAS, the Defendants and Plaintiffs have reached an agreement as to the complete and final resolution of these matters.

NOW, THEREFORE, it is stipulated and agreed as follows:

1. For purposes of this Agreement, the parties agree to collective treatment of the claims brought by the Plaintiffs under the FLSA.

2. After the execution of this Agreement and approval of same by the Court, the Defendants shall pay the Plaintiffs a gross amount of $39,932.34 that shall be distributed to the Plaintiffs in accordance with the chart attached as Exhibit A of this Agreement. Payment shall be in the form of checks made payable to the Plaintiffs, less any applicable local, state and federal withholding taxes. In addition, Defendants shall pay counsel for the Plaintiffs $57,000.00 as an agreed upon amount for reasonable attorneys' fees and costs incurred.

3. Each individual plaintiff shall execute a release in the form as agreed to by counsel for the parties, the terms of which are incorporated into this Agreement.

4. The Plaintiffs agree to dismiss immediately the within action with prejudice, and they authorize their attorney to execute and file with the court a joint motion to approve this Agreement, except that such dismissal shall be without prejudice as to any individual plaintiff who has not executed a release as described in paragraph 2 and who has not received any payments under this Agreement.

5. The parties acknowledge that they have each reviewed the terms of this Agreement to ensure complete understanding of their rights and obligations there under. Plaintiffs are fully satisfied that they understand the full effect of this Agreement, including the release and waiver of claims, and that their claims under the FLSA will be dismissed with prejudice by the Court.

6. This Agreement constitutes the entire agreement between Plaintiffs and Defendants. This Agreement supersedes any prior agreements between the parties and shall be the sole source of all rights or claims which may be asserted by either party on or after the making of this Agreement.

7. This Agreement may not be altered except by a writing signed by all parties. The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the parties, regardless of who drafted it. If any provision, or portion thereof, of this Agreement is found to be unlawful, the remaining provisions and portions shall remain fully enforceable.

8. By entering into this Agreement, the Defendants do not acknowledge or admit that they, individually or as a group, engaged in any wrongdoing or that the Defendants, or any of their agents, servants, and/or employees violated any federal, state, or local law, statute, order, ordinance, rule, or regulation, or contract or common law requirement, duty, or obligation.

9. The parties agree to cooperate in the execution of any and all further documents as may be necessary to effectuate this Agreement and authorize their counsel to execute any and all documents on their behalf.

DB01:1845999.1    058357.2001

10.     Each party is responsible for its own attorneys' fees, court costs and other litigation related expenses associated with the above captioned action, except as otherwise provided in this Agreement.

| | |
|---|---|
| SCHMITTINGER & RODRIGUEZ, P.A. | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| /s/ | /s/ |
| David A. Boswell, Esquire (No. 3172)<br>Wachovia Bank Building<br>4602 Highway One, Second Floor<br>Rehoboth Beach, DE 19971-9794<br>(302) 227-1400 | Scott A. Holt (No. 3399)<br>The Brandywine Building, 17th Floor<br>1000 West Street<br>Wilmington, Delaware 19801<br>(302) 571-6623<br><br>Attorneys for Defendants |

- and -

BROWN, GOLDSTEIN & LEVY, L.L.P.
C. Christoper Brown
120 E. Baltimore Street, Suite 1700
Baltimore, MD 21202
(410) 962-1030

Attorneys for Plaintiffs

Dated: October 24, 2005

DB01:1845999.1    058357.2001